FILED
2010 JUN -8 PM 2:38

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS, AUSTIN DIVISION

| | | |
|---|---|---|
| MATTHEW HALTERMAN,<br>Plaintiff | § § § § | |
| VS. | § § | CASE NO. 1:10-CV-408 |
| ALW SOURCING, LLC<br>Defendant | § § § § § | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff MATTHEW HALTERMAN ("Halterman"), and files this, his First Amended Complaint, as authorized by F.R.C.P., Rule 15(a)(1), complaining of ALW SOURCING, LLC "(ALW"), and for causes of action would respectfully show this Honorable Court the following:

### PARTIES

1. *Plaintiff* is Matthew Halterman, a resident of Travis County, Texas;

2. *Defendant* is ALW Sourcing, LLC, a corporation domiciled in Maryland, whose principle place of business is at 1804 Washington Blvd., Baltimore, MD 21230.

### JURISDICTION

3. Jurisdiction of the Court arises under 28 U.S.C. §1331; the Court has supplemental jurisdiction of the state law claims asserted, under 28 U.S.C. §1367.

1

## JURY DEMAND

4. Halterman requests a trial by jury.

## STATEMENT OF FACTS

5. At all times relevant to this claim, Halterman was a "consumer" as that term is defined in the Fair Debt Collection Practices Act ("FDCPA") §1692a(3), and the Texas Debt Collection Act ("TDCA"), Texas Finance Code § 392.001(1).

6. At all times relevant to this claim, ALW was a "debt collector" as the term is defined by FDCPA §1692a(6); and a "debt collector" and "third-party debt collector" as those terms are defined in the TDCA§ 392.001(6) and (7), respectively.

7. As of August 7, 2009, ALW forfeited its corporate privileges in the State of Texas for failure to pay its Texas franchise taxes.

8. As of the date of this First Amended Complaint, i.e. June 8, 2010, ALWs corporate privileges were still in a state of forfeiture; ALW's status with the Texas Secretary of State was listed as "forfeited existence."

9. However, on or about May 5, 2010, Halterman received in the mail a letter from ALW dated May 3, 2010 ("the collection letter").

10. ALW's collection letter stated it was attempting to collect a debt on behalf of NCO Portfolio Management in the amount of $265.00, identified by the collection letter as account number KY6490 ("the alleged debt").

11. ALW's collection letter offered to settle the alleged debt for 40% of the balance of the alleged debt, or for $106.00.

12. However, as of the date of ALW's collection letter, the amount of the alleged debt was not $265.00, nor was it $106.00.

13. As of the date of ALW's collection letter, Halterman did not owe the alleged debt to either ALW or NCO Portfolio Management.

14. ALW did not have the legal authority to make the 40% settlement offer extended in its collection letter to Halterman.

15. ALW's collection letter was deceptive and misleading because it intended for the recipient to mistakenly believe that NCO Portfolio Group and ALW Sourcing, LLC were separate, independent entities when in fact they are not.

16. ALW is not an independent, bona fide organization collecting debts on behalf of NCO Portfolio Management. ALW and NCO Portfolio Management share common ownership, management, and are operated from the same office address, i.e., 1804 Washington Blvd., Baltimore, MD 21230. In point of fact, ALW is a subterfuge organization under the control and direction of NCO Portfolio Management and/or a parent company, NCO Financial Systems.

17. In turn, ALW and NCO Portfolio Management are both shell companies under the control of a single corporate parent, NCO Financial Systems, Inc.

18. NCO Financial Systems is notorious for violating state and federal debt collection laws with its unconscionable debt collection practices. NCO Financial Systems has been fined by the Federal Trade Commission ($1.5 million in 2004), the Pennsylvania Attorney

3

General ($300,000 in 2006), and the Texas Attorney General ($250,000 in 2008), for violations of federal and state debt collection statutes.

19. The settlements NCO Financial Systems reached with these three enforcement agencies required NCO Financial Systems to stop violating debt collection laws while trying to collect debts from consumers. Upon information and belief, NCO Financial Systems utilizes shell companies such as ALW and NCO Portfolio Management to continue its unconscionable debt collection practices in violation of its settlements with the Federal Trade Commission and Pennsylvania and Texas Attorneys General.

20. NCO Portfolio Management is a "junk debt buyer," i.e. a debt collector who purchases, for pennies on the dollar, alleged debts that have been deemed uncollectable by the original creditor.

21. NCO Portfolio Management did not pay $265.00 to acquire the original creditor's rights and interests in the alleged debt, including but not limited to the authority to collect the alleged debt.

22. NCO Portfolio Management did not pay $106.00 to acquire the original creditor's rights and interests in the alleged debt, including but not limited to the authority to collect the alleged debt.

23. Whatever price NCO Portfolio paid to acquire the alleged debt (assuming they did in fact purchase the alleged debt), the purchase did not confer to NCO Portfolio Management the original creditor's rights to collect the alleged debt, including but not limited to the authority to extend a 40% settlement offer.

24. As a direct result of ALW's acts and omissions done severally and jointly with NCO Portfolio Management and NCO Financial Systems, Halterman has suffered and continues to suffer damages for which ALW is liable and for which NCO Portfolio Management and NCO Financial Systems may also be liable.

25. As a direct result of ALW's acts and omissions as decribed herein, Halterman was caused to suffer worry, shame, humiliation, loss of sleep, anxiety, nervousness, physical sickness, and mental suffering, pain, anguish, and fright.

26. Halterman prays that he recover from ALW actual damages, statutory damages, general damages, special damages, nominal damages, punitive damages, expenses, costs of court and all other relief, either general or special, at law or in equity, to which he is entitled.

## CAUSES OF ACTION

### COUNT I:

### VIOLATION OF THE TEXAS DEBT COLLECTION ACT (TDCA), Tex. Fin. Code §392.304(a)(18):

10. Halterman re-alleges each and every fact and allegation as set forth above, and hereby incorporates them by reference, as if all were set forth fully herein.

11. ALW's collection letter made the fraudulent, deceptive, and misleading representation that the alleged debt was being collected by an independent, bona fide organization (ALW), when in fact ALW is a subterfuge organization under the control and direction of NCO Portfolio Management and/or NCO Financial Systems.

12. As a result of ALW's actions as described herein, Halterman is entitled to relief per the TDCA §392.403.

## COUNT II:

## VIOLATIONS OF THE TDCA §392.304(a)(8) and FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C. §1692e(2)(A):

13. Halterman incorporates the proceeding paragraphs as if set forth at length.

14. ALW's collection letter misrepresented the character, status, and amount of the alleged debt by claiming the amount due was $265.00 and that the alleged debt was legitimately owed to NCO Portfolio Management.

15. As a result of ALW's actions as described herein, Halterman is entitled to relief per the TDCA §392.403 and FDCPA §1692k.

## COUNT III:

## VIOLATION OF THE TDCA, Tex. Fin. Code §392.304(a)(3)

16. Halterman re-alleges each and every fact and allegation as set forth above, and hereby incorporates them by reference, as if all were set forth fully herein.

17. By making a 40% settlement offer on the alleged debt when ALW had no authority to make the offer, and when the amount due on the allege debt was neither $265.00 nor $106.00, ALW's collection letter represented falsely that ALW had information or

6

something of value for Halterman in order to get him to pay.

18. As a result of ALW's actions as described herein, Halterman is entitled to relief per the TDCA §392.403.

## COUNT IV:

## VIOLATION OF THE FDCPA, §1692e(10):

19. Halterman re-alleges each and every fact and allegation as set forth above, and hereby incorporates them by reference, as if all were set forth fully herein.

20. The false, deceptive, and misleading contents and intent of ALW's collection letter, as described at length in this complaint, violate the FDCPA §1692e(10).

21. As a result of ALW's actions as described herein, Halterman is entitled to relief per the FDCPA §1692k.

## COUNT V:

## VIOLATION OF THE FDCPA, §1692f.

22. Halterman re-alleges each and every fact and allegation as set forth above, and hereby incorporates them by reference, as if all were set forth fully herein.

23. The actions and business practices of ALW as described at length in this complaint, including but not limited to those actions which violated the TDCA, constitute unfair and/or unconscionable means to collect debts, in violation of the FDCPA §1692f.

24. As a result of ALW's actions as described herein, Halterman is entitled to relief per the FDCPA §1692f.

## PRAYER

WHEREFORE, Plaintiff Matthew Halterman respectfully prays that this Court:

a. Award him statutory damages of $500.00, and actual damages in the amount of $1,000.00 or in an amount to be determined by the trier of fact, both as authorized by the TDCA §392.403;

b. Award him statutory damages of $1,000.00, and actual damages of $1,000.00 or in an amount to be determined by the trier of fact, both as authorized by the FDCPA §1692k;

c. Award him punitive damages in the amount of $5,000.00 or in an amount determined by the trier of fact, where authorized by statute or common law;

d. Enter declaratory judgment stating that pursuant to the TDCA §392.402, ALW has committed a misdemeanor criminal offense by violating the TDCA §392 et seq., and forward a copy of that judgment to the Travis County District Attorney's office;

e. Enter declaratory judgment stating that ALW's violations of the TDCA §392 et seq. constitute unfair and unconscionable means of collecting a debt which violate the FDCPA §1692f;

f. Enjoin ALW from practices that violate the FDCPA and TDCA as described in this complaint;

g. Enjoin ALW from conducting any business in the State of Texas until such time as its corporate privileges have been restored;

h. Award him reasonable costs and expenses incurred in the prosecution of this action;

i. Any other relief to which the Court may find Halterman entitled.

Respectfully submitted,

_____
Matthew Halterman
4415 Ave. B., Apt. 205
Austin, TX  78751
512-633-2478
matthalterman@yahoo.com

PLAINTIFF *Pro Se*

## CERTIFICATE OF SERVICE

Per the F.R.C.P., Rule 5, I, the undersigned individual, hereby certify that a true and correct copy of the foregoing has been served on all parties,

VIA HAND DELIVERY (COURT) AND FAX (DEFENDANT)

On this 8th day of June, 2010.


Respectfully submitted,

_____
Matthew Halterman
4415 Ave. B., Apt. 205
Austin, TX  78751
512-633-2478
matthalterman@yahoo.com

PLAINTIFF *Pro Se*